## George J. Grommet et al. v. Benjamin S. Sawyer et al.

1. CONTRACT—*effect given to construction by parties.* Where a contract in its language is ambiguous, a construction placed upon such contract by the acts and conduct of the parties will be adopted by the courts.

2. COSTS—*effect of tender upon award of.* Costs will not be awarded against a party subsequent to the making by him of a tender of a full amount due.

Bill in chancery. Error to the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1906. Decree modified and affirmed. Opinion filed March 15, 1907.

LEVI DAVIS, for plaintiff in error.

DUNNEGAN & LEVERETT, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court.

In this case plaintiffs in error filed a bill on the chancery side of the Madison county Circuit Court to establish and enforce a mechanic's lien against the property of defendants in error. Under written contract dated October 28, 1903, plaintiffs in error undertook and agreed to do the grading and filling required in the improvement of certain property owned by defendants in error in the city of Alton. The work to be done, the compensation therefor and all the obligations to be performed by the parties are fully and plainly set out and specified in the contract. Plaintiffs proceeded with the work and did the grading and filling according to agreement and specifications, and on their part, the defendants made the payments called for, on estimates made by the city engineer, in accordance with the terms of the contract, except as to a balance of $235.61, found to be due the plaintiffs upon final settlement after the work had all been done. There was no controversy between the parties or serious complaint on either side until payment of the above-mentioned balance, based upon the engineer's final estimate, was demanded. The defendants then claimed that in the progress of the work, the plaintiffs or some of their men had injured or destroyed some trees and destroyed or carried away some building material, for which an allowance of $35.61 should be made, and proposed to deduct that sum and pay the balance. This the plaintiffs refused to allow. After some haggling, the defendants yielded the point, and before this bill was filed, tendered to the plaintiffs the full amount demanded, $235.61. The plaintiffs refused to accept the tender, and so far as appears from the evidence abstracted, made no other claim or demand before bringing suit. It nowhere appears in the abstract, and we look no further, that any of the claims for extra work, or double compensation, which are set up in the bill, were ever requested or demanded of the defendants, other than the $50 for extra work allowed by defendants and included in the sum tendered. By the terms of the contract plaintiffs agreed to "grade the land  *  *  *  and to remove the earth

Grommet v. Sawyer.

\* \* \* and therewith fill in the cavity on the north half of block 45 \* \* \* all said grading and filling to be done and performed in strict conformity with the plans and specifications hereto attached \* \* \* and the party of the second part (defendants) agrees to pay the said party of the first part (plaintiffs) for the above mentioned grading and filling, thirteen and three-fourths cents per cubic yard, excavation measurement, for every cubic yard of earth of said grading and filling, payment to be made as the work progresses, every two weeks; estimates to be made by the city engineer of the city of Alton, on the first day of each calendar month, for a month's work done during the previous month." The city engineer made three estimates of the work done and this aggregated 26,258.9 cubic yards which, at 13¾ cents per cubic yard, amounted to $3,610.61. Payments were demanded and made from time to time upon the several estimates calculated as above, amounting in all to the sum of $3,375, leaving a balance of $185.61, to which is added $50 for extra work, claimed by plaintiffs and allowed by defendants, making the total of plaintiffs' claim on final settlement $235.61. The claim now made by plaintiffs that they are entitled by the terms of the contract to double the sum received, seems to be an after thought, without color or foundation, and we are not impressed with the sincerity of the plaintiffs or their counsel in making it. The work to be done and contracted for was "grading and filling," one undertaking, the removal of earth from one part of the premises to another, and for the earth thus handled the contract provides compensation at 13¾ cents per cubic yard. If there was any ambiguity in the language of the contract, the parties by their acts and conduct pursuant of the contract, and in its execution, have so construed it that they may not now be heard to contend that it bears an interpretation different from that which they have given it. The evidence does not support the claim for extra work other than that allowed and included in the sum decreed by the court. Before the bill was filed the defendants in error tendered plaintiffs in error all that was due or claimed. This tender was

set up in the answer with offer to bring the same into court. Whether or not this was sufficient in equity to discharge the lien we are not disposed to decide. In the case of Grain v. McGoon, 86 Ill., 431, and Augler v. Clay, 109 Ill., 487, it was held that to stop the running of interest on a mortgage and prevent costs, a tender by the mortgagor in a proceeding to foreclose, the mortgagee must keep the tender good by bringing the money into court as at law. It appearing upon the hearing in this case that a tender was made for all that was due or claimed before the suit was brought and that the proceeding was unnecessary, not to say in bad motive merely to annoy, it is not equitable that the defendants in error should be taxed with the costs. We are therefore of opinion that the decree of the Circuit Court should be affirmed in all respects except as to costs, and in that respect it will be modified and the plaintiffs in error will be required to pay all the costs both in the court below and in this court.

*Decree modified and affirmed.*